UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Melvin Steven Gray, Jr., #142109, | ) **C/A No. 3:05-1285-GRA-JRM** |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Report and Recommendation |
| | ) |
| Greenville County Detention Center, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

This is a civil rights action filed by a county detainee *pro se.*[1] Plaintiff is a detainee complaining about allegedly unsafe living conditions (primarily a spider infestation) at the Greenville County Detention Center. He claims that he has been repeatedly bitten by spiders, but that corrective action has not been taken by Center officials despite their awareness of the problem. Plaintiff acknowledges that he had not received a final response to the inmate grievance he filed on 3/14/05 as of the time he filed this Complaint. Complaint, at 2. Plaintiff has named the Greenville County Detention Center as the sole Defendant in this case. He has not named any particular individual as a Defendant.

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: <u>Denton v. Hernandez</u>, 504 U.S. 25 (1992); <u>Neitzke v.</u>

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and Local Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See also* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden,

Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995)(*en banc*); Todd v. Baskerville, 712 F.2d

70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).

    *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *see*

Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with

liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially

meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9-10 & n.7 (1980); Cruz v. Beto, 405 U.S. 319

(1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed

to be true. *See* Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the

requirement of liberal construction does not mean that this Court can ignore a clear failure in the

pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See*

Weller v. Department of Social Servs., 901 F.2d 387(4th Cir. 1990). Even under this less stringent

standard, however, the Complaint filed in this case is subject to summary dismissal under the

provisions of 28 U.S.C. § 1915(e)(2)(B).

    Initially, the Complaint in this case is subject to summary dismissal without the issuance of

service of process because no proper Defendant has been named. In order to state a claim for

damages under 42 U.S.C. § 1983,[2] an aggrieved party must sufficiently allege that he or she was

injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the

[United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42

---

    [2]Plaintiff's Complaint is properly before this Court pursuant to 42 U.S.C. § 1983 because he claims cruel and unusual punishment. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *See* Jennings v. Davis, 476 F.2d 1271 (8th Cir. 1973). The purpose of section 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *See* McKnight v. Rees, 88 F.3d 417(6th Cir. 1996)(emphasis added).

U.S.C. § 1983; Monroe v. Page, 365 U.S. 167 (1961); *see generally* 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1230 (2002). It is well settled that only "persons" may act under color of state law, therefore, a defendant in a section 1983 action must qualify as a "person." For example, several courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law. *See* Allison v. California Adult Auth., 419 F.2d 822, 823 (9th Cir. 1969)(California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); Preval v. Reno, 57 F.Supp.2d 307, 310 (E.D. Va. 1999)("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301(E.D. N.C. 1989)("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Greenville County Detention Center is a building or a group of buildings. It is not a person and, accordingly, it is not a proper Defendant in this case. Since it is the only Defendant, Plaintiff's Complaint should be dismissed without prejudice.

Additionally, even if Plaintiff had named a proper Defendant, the Complaint would still be subject to summary dismissal because it is evident from Plaintiff's allegations that he did not await the finalization of his inmate grievance prior to filing this case. In other words, Plaintiff's claims should be dismissed because he has failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e. In enacting the Prison Litigation Reform Act of 1996[3] (the PLRA), Congress carved out an exception to the general rule that exhaustion of state remedies is not a prerequisite to filing a civil rights suit. The PLRA amended section 1997e so that it now provides, "No action shall be

---

[3] Pub. L. No. 104-134, Title VIII, 110 Stat. 1321-66.

brought with respect to prison conditions[4] under section 1983 of this title, or any other Federal law, by a prisoner[5] confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id. § 1997e(a).  The United States Supreme Court has held that "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." Booth v. Churner, 532 U.S. 731, 741 (2001); see Porter v. Nussle, 534 U.S. 516 (2002);  Jones v. Smith, 266 F.3d 399 (6th Cir. 2001)(exhaustion required even though plaintiff claimed futility); Larkin v. Galloway, 266 F.3d 718  (7th Cir.  2001)(exhaustion required even though plaintiff claimed he was afraid); see also Claybrooks v. Newsome, 2001 WL 1089548 (4th Cir., September 18, 2001)(unpublished opinion)(applying Booth v. Churner to affirm district court's denial of relief to plaintiff).  Accordingly, before Plaintiff may proceed with his claims in this Court, he must first exhaust his administrative remedies available through whatever grievance process is in place at the Greenville County Detention Center.

---

[4] The PLRA does not define the term "prison conditions" for use in § 1997e.  The Sixth Circuit utilizes a definition derived from 18 U.S.C. § 3262:

> [T]he term "civil action with respect to prison conditions" means any civil proceeding arising under federal law with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison, but does not include habeas corpus proceedings challenging the fact or duration of confinement in prison.

Id. § 3626(g)(2).  See Hartsfield v. Vidor, 199 F.3d 305, 308 (6th Cir. 1999) (specifically requiring exhaustion of plaintiff's equal protection claim).  The Second Circuit derives its definition from existing case law, defining prison conditions as "'those aspects of prison life affecting the entire prison population, such as the food, medical care, recreational facilities and the like,'" including "action affecting the prisoner [that] was dictated by prison policy or reflected a facility-wide practice affecting the entire inmate population." Neal v. Goord, 267 F.3d 116, 2001 WL 1178293 (2d Cir., Oct 04, 2001) (quoting Lawrence v. Goord, 238 F.3d 182, 185 (2d Cir. 2001) (per curiam)).  Both of these definitions encompass Plaintiff's claims herein.

[5] Subsection (h) defines "prisoner" to mean, in pertinent part, "any person incarcerated or detained in any facility who is *accused of*, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law[.]" Id. § 1997e(h) (emphasis added).  Thus, exhaustion of administrative remedies is also required of pretrial detainees.

4

Requiring Plaintiff to proceed through the detention center's grievance process before pursuing any federal remedies he may have provides him with an opportunity to prevail in state court that will be lost if the federal court proceeds without requiring that state remedies be exhausted. Furthermore, summary dismissal of this case because of non-compliance with the Prison Litigation Reform Act will prevent Plaintiff from needlessly incurring a non-dischargeable debt of $250 to the United States for the filing fee in this case. *See* Kahn v. Malinov,, 1996 WL 311447 (E.D. Pa., June 6, 1996); *see also* Smith v. Urban, 928 F. Supp. 532 (E.D. Pa. 1996).

## Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. *See* Denton v. Hernandez; Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe, 998 F.2d 201, 202-04 & n. * (4th Cir. 1993); Boyce v. Alizaduh; Todd v. Baskerville, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). Plaintiff's attention is directed to the important notice on the next page.

Respectfully submitted,

Joseph R. McCrorey
United States Magistrate Judge

May 16, 2005
Columbia, South Carolina

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"**
**&**
**The *Serious Consequences* of a Failure to Do So**

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-71 (1976); Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D. Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. *See* Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991); *see also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard,, the court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"; which involved a *pro se* litigant); Goney v. Clark, 749 F.2d 5, 7 n. 1 (3d Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins; Small v. Secretary of HHS, 892 F.2d 15, 16 (2d Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

6